# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 12/14/2001 |
| **CASE TITLE** | Guardian Pipeline, L.L.C. Vs. 529.42 Acres of Land etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The suit was filed in the Eastern Division. Some of the landowners n McHenry and DeKalb counties prefer to litigate in the Western Division(and some prefer to stay here), and they have moved to bifurcate the case and to transfer the litigation, as it pertains to their parcels, to Rockford. Those motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | DEC 18 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | CM |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | DEC 17 AM 9:37 | date mailed notice |
| WAH | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 189

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
DEC 1 8 2001

| | |
|---|---|
| GUARDIAN PIPELINE, L.L.C., a Delaware Limited Liability Company, Plaintiff, vs. 529.42 ACRES OF LAND, more or less, in Kendall and McHenry Counties, Illinois; RANDOLPH J. REIGH, et al., and UNKNOWN OWNERS, Defendants. | No. 01 C 4696 |

## MEMORANDUM OPINION AND ORDER

In this action to condemn land in Kendall, McHenry, DeKalb and Will counties in Illinois, to build a natural gas pipeline from Joliet, Illinois, to the Wisconsin border (and then beyond), the land in Kendall and Will counties is in the Eastern Division and the land in McHenry and DeKalb counties is in the Western Division. The suit was filed in the Eastern Division. Some of the landowners in McHenry and DeKalb counties prefer to litigate in the Western Division (and some prefer to stay here), and they have moved to bifurcate the case and to transfer the litigation, as it pertains to their parcels, to Rockford. Those motions are denied.

If this lawsuit involved only these parcels, these defendants' arguments might be more compelling. But it does not. Even if we granted the motions, most of the case would remain in the Eastern Division. That would require different judges to rule upon pending objections, which have largely common themes, thus requiring duplication of effort and possibly inconsistent rulings. Plaintiff would have to litigate in both Rockford and Chicago.

This should not be a document-intensive case. The primary witnesses probably will

be expert appraisers, and the selection pool is far greater in Chicago than in Rockford. The distances involved are not great in any event and, indeed, McHenry County defendants may be as close to Chicago as to Rockford. If trial should be by commission, as provided by Rule 71A(h), the commission can convene whenever it is most convenient to all concerned. If trial should be before a jury and, for example, a viewing would be desirable, the matter can be transferred shortly before trial. But we see no gain in convenience by bifurcating these proceedings at the present time.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 14, 2001.