# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 1/3/2002 |
| **CASE TITLE** | Guardian Pipeline, L.L.C. Vs. 529.42 Acres of Land etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff has moved to confirm condemnation of permanent and temporary easements. That motion is granted, subject to rulings herein made. Status hearing set for February 4, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JAN 0 7 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 200 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., )
a Delaware Limited Liability Company, )
                           )
       Plaintiff, )
                           )
     vs. )     No. 01 C 4696
                           )
529.42 ACRES OF LAND, more or less, )
in Kendall and McHenry Counties, )
Illinois; RANDOLPH J. REIGH, et al., )
and UNKNOWN OWNERS, )
                           )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff has moved to confirm condemnation of permanent and temporary easements. That motion is granted, subject to rulings herein made.

The project involves the installation of a 142-mile long natural gas pipeline from the vicinity of Joliet, Illinois, into Wisconsin. This condemnation action concerns the acquisition of a corridor of land rights from Joliet through four Illinois counties to the Wisconsin border. That process is governed by federal law.

In 1977 Congress created the Federal Energy Regulatory Commission (FERC), 42 U.S. §7171. FERC then took over from the Federal Power Commission the responsibility for determining the public necessity for the development of natural gas pipelines. 42 U.S.C. §7172. An entity proposing to construct such a pipeline must obtain a certificate of public convenience and necessity from FERC (FERC Certificate). 15 U.S.C.§717f(c). The holder of an FERC Certificate is accorded rights of eminent domain by 15 U.S.C. §717f(h):

(h) Right of eminent domain for construction of pipelines, etc.

When any holder of a certificate of public convenience and necessity

cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: *Provided*, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

Any review of the FERC order is by way of petition to the court of appeals where the proposed pipeline is located or the holder of the FERC Certificate has its principal place of business or to the Court of Appeals for the District of Columbia. 15 U.S.C. §717r. The condemnation procedures are set forth in Rule 71A of the Federal Rules of Civil Procedure.

Those statutory and rule directions have translated into judicial admonitions. One is a judicial gloss that the holder must engage in good faith negotiations with the landowner before it can invoke the power of eminent domain, *e.g.*, <u>Transcontinental Gas Pipe Line Corp. v. 118 Acres of Land</u>, 745 F.Supp. 366, 369 (E.D. La. 1990), although the statutes have no such specific requirement and we are unaware of any case in which condemnation has been denied or even delayed because of an alleged failure to engage in good faith negotiations. That same case suggests that the holder must present some evidence of public necessity other than the FERC determination. *Id.* at 370. <u>USG Pipeline Co. v. 1.74 Acres in Marion County, Tennessee</u>, 1 F.Supp.2d 816, 820 (E.D. Tenn. 1980), concludes that is just plain wrong, and we agree. The jurisdiction of this court is limited to evaluating the scope of the FERC Certificate and ordering condemnation as authorized by that certificate. *Id.*, <u>Tennessee Gas</u>

<u>Pipeline Co. v. 104 Acres of Land More or Less, in Providence County of the State of Rhode Island</u>, 749 F.Supp. 427, 430 (D.R.I. 1990). The validity and conditions of the FERC Certificate cannot be collaterally attacked in district court. Review of the validity of the certificate is the exclusive province of the appropriate court of appeals. <u>Williams Natural Gas Co. v. City of Oklahoma City</u>, 890 F.2d 255, 262 (10th Cir. 1989), *cert. denied,* 497 U.S. 1003 (1990). This court's role is mere enforcement. <u>Tennessee Gas Pipeline Co. V. Massachusetts Bay Transportation Authority</u>, 2 F.Supp. 2d 106, 110 (D. Mass. 1998). And the proceedings in this court are governed by Rule 71A, not state law. <u>Southern Natural Gas Co. v. Land, Cullem County</u>, 197 F.3d 1368, 1373 (11th Cir. 1999).

Given that legal framework, we turn to the objections and defenses advanced here as they relate to the administrative and condemnation record, which are included with the pleadings in this case. The objections and defenses are many and varied: a 50-foot right-of-way for a 36" pipe is excessive; the temporary construction space easement is excessive, and there is no legal description for those easements; the legal description of the pipeline easement is imprecise; the 48" cover is inadequate; the temporary easement is far longer than the end of construction; there is no provision for compliance with the Illinois Agricultural Impact Mitigation Plan, as required by the FERC Certificate; the proposed easements provide for the replacement, relocation and enlargement of the pipeline, they are not restricted to 36" pipe, and they indicate a right to assign, none of which is authorized by the FERC Certificate; there is not adequate provision for all damages; plaintiff has not negotiated in good faith; the easements do not provide for segregation of topsoil from subsoil; the route should be changed to avoid some specific problems; and that other routes are preferable.

This court may reject objections and defenses when it is clear that they are legally

insubstantial.  <u>United States v. 416.81 Acres of Land</u>, 514 F.2d 627 (7th Cir. 1975).  The FERC

Certificate is the conclusive answer to most of those objections and defenses.  Issued March

14, 2001, it incorporated the extensive specifications and requirements of the Final

Environmental Impact Statement (FEIS) issued in January 2001, as well as certain

subsequent filings by plaintiff.  The result is that FERC has determined public convenience

and necessity; has determined the route (subject to possibly minor adjustments because of

specific circumstances); and has determined pipe size, depth of cover, topsoil segregation

procedures, size and location of easements and a host of other matters.  FERC has made it

clear that it will monitor the construction and will enforce all requirements.  Landowners who

believe that plaintiff is not in compliance with any requirement may complain directly to

FERC.  Plaintiff has entered into an Illinois Agricultural Impact Mitigation Plan (Appendix

J to the FEIS).  The FERC Certificate provides only for a 36" natural gas pipe and plaintiff

does not claim otherwise.  And, indeed, it could not claim additional rights as it is bound by

the FERC Certificate.  Plaintiff can assign or alienate its interests to another, but only if

FERC approves.  It can repair the pipeline and alter its configuration to meet new

circumstances, *e.g.,* to go deeper under a new road, but it cannot alter the project, a 36"

natural gas pipeline along an established route, and it would be liable for any resulting

damage.

Other objections and defenses are conclusively answered by the pleadings.  They set

forth the legal descriptions and plat maps of the proposed easements.  Those legal

descriptions and plat maps easily satisfy the federal requirement that a condemnation

complaint include a description for the property sufficient for its identification.  <u>Southern

Natural Gas Co. v. Land, Cullem County</u>, *supra.*  And others, such as the amount of

compensation for alienation of interests and damages, await a determination here. The objection raised by some landowners, that plaintiff has not negotiated in good faith, is adequately answered by the Declaration of Thomas C. Davis, describing the efforts made to negotiate easement agreements, and by his Supplemental Declaration describing the efforts made to negotiate such agreements with specific landowners. We see no need to replicate here the information therein contained and, rather, refer to those declarations for that information.

Finally, the McHenry County Conservation District (MCCD) and the Forest Preserve District of DeKalb County (FPDC), both contend that public land held by them for public use cannot be condemned by plaintiff. They raise a number of reasons why this is so, and plaintiff has countered with an additional claim against MDDC, Count II, contending that MCCD has violated 28 U.S.C. §1983. We think it unnecessary, however, to address each of the defendants' arguments or Count II. Plaintiff has the overriding authority to obtain easements from the governmental authorities. It may proceed.

The FERC Certificate authorizes plaintiff to acquire easements by exercise of the right of eminent domain, and specifically recognizes that state and local laws cannot be used to prohibit or unreasonably delay the construction of the approved pipeline (FERC Order at 40-41). FERC there relied upon Schneidewind v. ANR Pipeline Co., 485 U.S. 293, 294 (1988) and National Fuel Supply Corp. v. Public Service Commission of the State of N.Y., 894 F.2d 571, 575 (2d Cir. 1990). Schneidewind, without dissent, recognized that Congress, in the Natural Gas Act, had enacted a comprehensive scheme that preempted state law when that law was an obstacle to fulfillment of the NGA purposes. In National Fuel Gas Supply Corp. the court pointed out that preemption is rooted in the Supremacy Clause and that it extends to bar the

enforcement of state law when that law forms an obstacle to realization of congressional purpose. *See also* Public Utilities Commission v. Federal Energy Regulatory Commission, 900 F.2d 269, 277 (D.C. Cir. 1990).

FERC has approved the route. That route requires the granting of easements (and not very intrusive easements) across some land dedicated to public uses. Any concerns about that intrusion should have been raised before FERC. Williams Natural Gas Co. v. City of Oklahoma City, *supra.* Any objections to the condemnation of public land for the construction of a natural gas pipeline is preempted. USG Pipeline Co. v. 1.74 Acres in Marion County, Tennessee, *supra.* *See also* Tennessee Gas Pipeline Co. v. Massachusetts Transportation Authority, *supra;* Kern River Gas Transmission Co. v. Clark County, Nevada, 757 F.Supp. 1110, 1117 (D.Nev. 1990).[1]

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 3       , 2002.

---

[1]Some answers and objections have yet to straggle in. We will treat them as motions for reconsideration and rule on them as received.