# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 4/4/2002 |
| **CASE TITLE** | Guardian Pipeline, L.L.C. Vs. 950.80 Acres of Land etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We grant the motion for immediate possession as of this date. Finally, a group of defendants has filed a motion to compel. To that extent, the motion to compel is granted. It is otherwise denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 250 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH courtroom deputy's initials | | 20 APR -4 PM 3:47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C. )
a Delaware Limited Liability Company, )
) Case No. 01 C 4696
Plaintiff, )
)
v. )
) Judge James B. Moran
950.80 ACRES OF LAND, more or less )
in Kendall, McHenry, DeKalb, and Will )
Counties, Illinois; Randolph J. Reigh, et. )
Al., and Unknown Owners )
)
Defendants. )

DOCKETED APR 5 2002

## MEMORANDUM OPINION AND ORDER

On January 3, 2002, we confirmed the condemnation of permanent and temporary easements. That leaves, then, only the issue of what is just compensation for the takings respecting 170 or 171 tracts in four Illinois counties required for a pipeline land corridor from the vicinity of Joliet, Illinois to the Wisconsin border. While that is being decided, plaintiff moves for immediate possession in order to commence construction.

The determination of just compensation raises several concerns. Plaintiff asks that the determinations be made by a commission, pursuant to the authorization of Rule 71A of the Federal Rules of Civil Procedure. Some defendants contend that determination by a jury is mandated or at least preferable. Plaintiff wants the simultaneous exchange of appraisal reports. Some defendants want to see plaintiff's appraisals first. One group of defendants moves to compel discovery.

Rule 71A permits the issue of compensation to be determined by a commission when the character, location or quality of the property to be condemned or other reasons in the interest of

justice make that procedure preferable. Some defendants contend that they are entitled to determination by a jury as a matter of right because of the provisions of 15 U.S.C. § 717f(h) requiring that the practices and procedures here should conform as nearly as may be with the state practices and procedures, and Illinois practices and procedures mandate a jury when any party so desires. We think, though, that Rule 71A trumps § 717f(h) for the reasons persuasively advanced in Southern Natural Gas Co. v. Land, Cullman County, 197 F.3d 1368, 1373 (11th Cir. 1999). And, with so many tracts spread over such a large area, we think a commission is preferable to a multitude of jury trials. Indeed, the Advisory Committee notes to Rule 71A indicates the use of commissions is desirable when large areas are involved, so as to prevent discrimination and provide for uniformity in compensation; where large areas are involved and landowners would have to travel long distances to attend jury trials, whereas a commission can travel to the vicinity of the land whose value is then being disputed, and when it is impractical to take juries long distances to view the premises. Further, given the number of tracts still at issue and the sharp disagreement between plaintiff and many defendants, we are not at all persuaded that a handful of jury trials will lead to wholesale settlements. Jury determinations could take years.

That leads to some logistical problems that should be addressed. We are constrained by Rule 71A to select commissions without recommendation from the parties. We will, in the near future, designate names and qualifications of prospective commissioners for consideration by the parties. We will also wish to provide them with instructions. We desire to select a commission that can and will convene where convenient for the parties and will proceed expeditiously to make the necessary determinations. We invite the parties to submit suggested instructions within 14 days and we

2

commend to them Southern Natural Gas Co., at 1371 and the instructions issued in Vector Pipeline v. 68.55 Acres of Land, 99 C 4609 (U.S.D.C., N.D. Ill.), on April 25, 2000.

Some defendants want plaintiff's appraisal first. Plaintiffs generally do provide expert reports first. But here the defendants have the burden of proof in the determination of the diminution of value and, therefore, it can be reasonably argued that they should go first. On the other hand, experts in, for example, personal injury cases are addressing a theory of liability to which other experts are responding. An appraisal is, however, an independent evaluation, although we recognize that further negotiations and trial may require appraisers to amplify their initial findings and conclusions. We think a simultaneous exchange is appropriate, with one caveat. In order, hopefully, to reduce the expense of the process to all concerned, we direct the parties well in advance of the exchange date to advise the adversary of the factors that its appraiser believe are unique to the particular tract. We so direct on the assumption that most of the tracts are predominantly farmland and that the primary factors with respect to those tracts relate to comparable values of properties similarly used and crop loss.

Further, we grant the motion for immediate possession as of this date. An appeal of the validity of the FERC order by Wisconsin landowners provides a basis for delaying matters only if the appellate court has granted a stay and it has not. What we do know is that the pipeline has been determined to be in the public interest, that plaintiff has been directed to have the pipeline in service by November 1, 2002, that construction must commence well before compensation determinations are concluded in order to meet that deadline, that any delays or an inability to sequence construction will occasion great additional expense to plaintiff, and that the condemnations were confirmed on

January 3, 2002. Therefore, the only open issue is not whether plaintiff has the right to the necessary temporary and permanent interests, but solely the amount that it should pay as just compensation.

Courts have recognized for many years an inherent equitable power to order immediate possession in those circumstances, see Commercial Station Post Office v. United States, 48 F.2d 183, 184 (8th Cir. 1931); Atlantic Seaboard Corp. v. Van Sterkenburg, 318 F.2d 455, 460 (4th Cir. 1963), and as more recently recognized in Vector Pipeline, L.P. v. 68.55 Acres of Land, 157 F. Supp. 2d 949, 951 (N.D. Ill. 2001); Northern Border Pipeline Co. v. 64.11 Aces of Land, 125 F.Supp.2d 299, 301 (N.D. Ill. 2000) Portland Natural Gas Transmission System v. 4.83 Acres of Land, 26 F. Supp.2d 332, 335 (D.N.H. 1998); Tennessee Gas Pipeline v. New England Power, C.T.L., Inc., 6 F.Supp.2d 102, 104 (D.Minn. 1998); USG Pipeline Co. v. 1.74 Acres in Marion County, Tennessee, 1 F.Supp.2d 816, 826 (E.D. Tenn. 1998); Kern River Gas Transmission Co. v. Clark County, Nevada, 757 F.Supp. 1110, 1117 (D.Nev. 1990).

We understand Northern Border Pipeline v. 86.72 Acres of Land, 144 F.3d 469 (7th Cir. 1998), to require that preliminary injunction standards be met before immediate possession is permitted. Thus, it would be inappropriate to permit that possession prior to an order of condemnation, Humphries v. Williams Natural Gas Co., 48 F.Supp.2d 1276, 1279 (D. Kans. 1999), or without a showing of immediate need for possession, National Fuel Gas Supply Corp. v. 138 Acres of Land, 84 F.Supp.2d 405, 416 (W.D.N.Y. 2000). But, here it is clear that plaintiff will suffer irreparable harm if it cannot proceed, it has an established likelihood of success on the merits because the condemnation order has been entered, the balance of harms generally favors plaintiff because it needs to proceed and defendants can be adequately protected by bond, and the public interest is demonstrated by the FERC order directing construction by November 1, 2002.

4

But what is an appropriate bond? Plaintiff estimates the fee value of the affected land to be $4.4 million and suggests that 25% of that, or $1.1 million, ought to be sufficient since it is seeking only easements. Various defendants suggest amounts up to $22 million, although without any credible support for such a figure. The information before the court is somewhat sketchy. Apparently there is some backup for the $4.4 million figure because plaintiff has been making offers at what it characterizes as fee value. It has not, however, completed appraisals of easement interests. We are uncertain whether there may or not may not be special damages attaching to some properties that are not reflected in a fee valuation. Still, it seems apparent that easement values reflecting all damages should not exceed or even approach fee values. In the exercise of caution, we direct the filing of a bond for $4.4 million. This could be increased upon a proper showing and, conversely, decreased as landowners are compensated and more specific value ranges are established.

Finally, a group of defendants has filed a motion to compel. Plaintiff's response is that it has produced everything it has. It has not conformed to the forms normally required in discovery, and those defendants seek to have it do so, so as to satisfy themselves that they do have the information desired.

This is what we would describe in a criminal case as an "open file case." We see no purpose to be served by requiring repetitive recitations following some form if, in fact, the information has been provided. And we agree with defendants that they are entitled to the information, or at least a large portion of it. It is enough, then, that plaintiff advise defendants in writing that it has provided those defendants all information it possesses (subject to later exchange of appraisal reports) responsive to defendant's requests. And, if plaintiff does have something responsive to the requests

and believes it is not obligated to share that information, it should specifically so advise those defendants. To that extent, the motion to compel is granted. It is otherwise denied.

/s/ James B. Moran
James B. Moran
Senior Judge, U.S. District Court

Dated: April 4, 2002