# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 5/23/2002 |
| **CASE TITLE** | Guardian Pipeline LLC vs. 950.80 Acres of Land etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Vidican defendants pointed out a possible conflict respecting one commissioner and suggested that an alternate be designated to serve in the event of a conflict or incapacity. We agree, and we propose Douglas F. Spesia as an alternate commissioner. His resume is attached. If his services are needed he will be compensated for time expended at $250 per hour. Unless a party files valid objections to Mr. Spesia by June 5, 2002, he will be designated as the alternate commissioner.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docket deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., )
a Delaware Limited Liability Company, )
)
Plaintiff, )
)
vs. ) No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, )
in Kendall and McHenry Counties, )
Illinois; RANDOLPH J. REIGH, et al., )
and UNKNOWN OWNERS, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On April 24, 2002, we proposed as commissioners Thomas M. Ewert, Chairman; Anne Megan Davis; and Anthony R. Fabiano. No objections having been received by May 25, 2002, they are confirmed as the commissioners. The Vidican defendants pointed out a possible conflict respecting one commissioner and suggested that an alternate be designated to serve in the event of a conflict or incapacity. Others have concurred. We agree, and we propose Douglas F. Spesia as an alternate commissioner. His resume is attached. If his services are needed he will be compensated for time expended at $250 per hour. His compensation may be allocated if appropriate. None of the commissioners has represented plaintiff or other parties, nor has the proposed alternate, although they may have worked from time to time with some of the appraisers who will be called upon by one party or another. Unless a party files valid objections to Mr. Spesia by June 5, 2002, he will be designated as the alternate commissioner. We have considered the suggestion that a non-lawyer be designated as a commissioner. We are loath to displace any of the three who have consented and we do not wish to increase the expense by designating a fourth regular

commissioner. The commissioners will submit their statements for services to the court for approval, which will be public filings. Accordingly, plaintiff will have an opportunity to monitor compensation procedures.

The parties have agreed on virtually all of the proposed instructions to the commissioners, and we thank them for their cooperative efforts. A copy of the instructions is attached. That leaves as the only open issue, we believe, the dispute over a governing law instruction, which we will rule on shortly.

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

May 23, 2002.

# INSTRUCTIONS TO COMMISSIONERS

I. **DETERMINATION OF JUST COMPENSATION**

    A.   The Commission shall determine the amount of "just compensation" that Guardian Pipeline, L.L.C. ("Guardian") should pay for the interests it has condemned pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq., in the tracts named in this proceeding. The interests so condemned are permanent and temporary easements required for the construction and operation of the natural gas pipeline Guardian has been authorized by the Federal Energy Regulatory Commission to build through portions of Will County, Kendall County, DeKalb County, and McHenry County. The permanent and temporary easements are as specified in Guardian's condemnation complaint(s) and notice(s) of condemnation, as amended, in this proceeding.

    B.   "Just compensation" means the fair cash market value of the interests condemned at the highest and best use of the property on the date of valuation. The burden of proof of establishing the amount of just compensation rests on the owner(s) or claimant(s) of the interests condemned (the "property owners"). Accordingly, in proceedings before the Commission, the property owners shall open and close the evidence and such argument as the Commission may entertain, subject to the Commission's discretion to control its own proceedings (see § II, B).

    C.   "Highest and best use" means that use which would give the property its highest cash market value on the date of valuation and which is physically possible, legally permissible, financially feasible, and maximally productive. This may be

the actual use of the property on the valuation date or a use to which the property could be adapted with reasonable probability. The valuation date for the interests condemned shall be November 20, 2001. "Cash market value" means the price which a willing buyer would pay in cash and a willing seller would accept when the buyer is not compelled to buy and the seller is not compelled to sell.

D. Because the interests condemned by Guardian are easements, the proper measure of just compensation is the difference between the market value of the property containing the easements free of the easements and the market value of the property as burdened with the easements, immediately before and immediately after the imposition thereof respectively. In determining such just compensation, the Commission shall consider evidence of diminution, if any, in the value of the remainder, that is, the property interests not acquired by Guardian, of the property caused by the acquisition or the use to which the acquired interests are put by Guardian in constructing and/or operating its pipeline. In determining such compensation, the Commission shall apply the "before and after" method of valuation to determine the market value of the whole property before the acquisition and the market value of the remainder property after the acquisition. In assessing market value, the Commission may received evidence inter alia from the property owners themselves.

## II. **PROCEDURE**

A. <u>Powers of Commission</u>. The Commission shall exercise the powers of a special master pursuant to Rule 53 of the Federal Rules of Civil Procedure. It shall have the authority to do all acts and take all measures necessary or proper for the efficient performance of its duties.

B. <u>Time and Place of Hearings</u>. The Commission shall conduct hearings and other necessary proceedings at such times and places as it selects, with due regard to the convenience and preferences of the parties. Reasonable notice of the times and places of hearings and other proceedings shall be given to the parties.

C. <u>Court Reporter</u>. The Commission will engage a certified court reporter to report the evidence and proceedings. If parties desires a transcript, they may order it from the reporter at the established rates.

D. <u>Ruling On Evidence</u>. The Commission shall have the authority to rule on the admissibility of evidence. The Commission shall apply the Federal Rules of Evidence.

E. <u>Viewing of Property</u>. The Commission may, upon the request of any party or upon its own initiative, conduct a view of a property involved in this proceeding to enable members to understand/evaluate the testimony and evidence presented. Any such view of a property shall be considered the taking of evidence and shall be conducted in the presence of the parties and/or their counsel.

F.  <u>Report of Commission</u>.  The Commission will prepare and submit one or more reports pursuant to Rule 53(e) of the Federal Rules of Civil Procedure, which shall include recommended findings of fact and conclusions of law.  In the event of disagreement, a minority or dissenting report shall also be filed.  The Commission shall confer with the parties regarding the timing and/or sequencing of the report(s) and petition the Court for direction(s) regarding the filing and submission of the report(s).



# DOUGLAS F. SPESIA

Douglas F. Spesia is a senior partner in the law firm of Spesia, Ayers & Ardaugh. Mr. Spesia graduated with a B.S. in Accounting from the University of Illinois in 1962, received his Juris Doctor degree from the University of Notre Dame in 1965, and joined this firm that same year. While at the Notre Dame Law School, he served as Associate Editor of the Notre Dame Law Review and was the recipient of various awards for academic achievement. He is admitted to practice before the Illinois Supreme Court, the Northern Federal District Court, the U.S. Tax Court and the United States Supreme Court.

Mr. Spesia's areas of expertise lie in the fields of municipal, zoning, taxation, real estate, and commercial litigation. In his capacity as a Senior Partner of the firm, Mr. Spesia manages all governmental and transactional matters and coordinates all municipal, commercial, real estate and condemnation matters. He has extensive experience in a wide variety of governmental, municipal, corporate, and tax matters both as a litigator and counselor. His clients include municipalities, and local and national corporations.

Mr. Spesia is an active member of the Illinois State Bar Association and the American Bar Association, as well as numerous civic and charitable boards and committees. He is past President of the Will County Bar Association, the Joliet Rotary Club and a former member of the Will County Zoning Board of Appeals. He is a lifetime resident of the Joliet area.