

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 5/29/2002 |
| **CASE TITLE** | Guardian Pipeline, LLC vs. 950.80 Acres of Land etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We believe that the way is now clear for the commencement of valuation proceedings.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 30 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 274 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 MAY 29 PM 4:55 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., )
a Delaware Limited Liability Company, )
)
    Plaintiff, )
)
vs. ) No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, )
in Kendall and McHenry Counties, )
Illinois; RANDOLPH J. REIGH, et al., )
and UNKNOWN OWNERS, )
)
    Defendants. )

DOCKETED
MAY 3 0 2002

## MEMORANDUM OPINION AND ORDER

The parties have agreed on instructions to the commissioners, including instructions on the method for valuation. Plaintiff wishes to include an instruction that directs that federal law, both procedural and substantive, and not state law, controls. Certain defendants urge that federal law be deemed to have adopted state law.

But that is not a question that can be answered in a vacuum. The Natural Gas Act, §717f(b), calls for conformity to state practice and procedure, but that is different from substantive standards, United States v. Miller, 317 U.S. 369 (1943), and was, in any event, effectively repealed by Federal Rule of Civil Procedure 71A, United States v. 93.970 Acres of Land, 360 U.S. 328, 333 (1959). Indeed, no one disputes that federal law controls. Even the cases most heavily relied upon by these defendants make that clear, Georgia Power Co. v. Sanders, 617 F.2d 1112, 1115 (5th Cir. 1980), and Columbia Gas Transmission Corp. v. Exclusive Natural Gas Easement, 962 F.2d 1192, 1195 (6th Cir. 1992), cert. denied, 506 U.S. 1022 (1992), although they rely in part on a dubious distinction between government and a private entity exercising the federal power.

We think the court got it right in <u>United States v. Certain Property, Etc.</u>, 344 F.2d 142 (2d Cir. 1965). A developed body of substantive federal law should normally control. But if a mechanical application of some federal standard would lead to an unfair result, then the court should consider adopting a better state law standard or rethink the federal standard. It should not adopt a state law approach that provides a windfall for either condemnor or condemnee. The goal, after all, mandated by the Constitution, is to provide fair compensation.

We believe that the way is now clear for the commencement of valuation proceedings.

*JAMES B. MORAN*
Senior Judge, U. S. District Court

May 29, 2002.