
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 6/21/2002 |
| **CASE TITLE** | Guardian Pipeline, LLC vs. 950.80 Acres of Land et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for temporary restraining order or, in the alternative for preliminary injunction is granted respecting Will County and its agents, officers and employees.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 21 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 295 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUN 21 AM 10:29 | | |
| | WAH courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., )
a Delaware Limited Liability Company, )
)
Plaintiff, )
)
vs. ) No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, )
in Kendall and McHenry Counties, )
Illinois; RANDOLPH J. REIGH, et al., )
and UNKNOWN OWNERS, )
)
Defendants. )

DOCKETED
JUN 2 1 2002

## MEMORANDUM OPINION AND ORDER

Will County passed a pipeline ordinance and has, by a lawsuit filed in Will County state court, determined to apply it to plaintiff's pipeline as it is installed in Will County. The principal difference between the ordinance and the FERC certification, it appears, is that the ordinance requires five feet of cover and the FERC certificate requires four feet.

Plaintiff has removed the state court action and also seeks a preliminary injunction directing Will County not to impose requirements that conflict with the FERC certificate. Will County takes great issue with the removal, contending that federal preemption is a defense to its claims in state court and that, therefore, this court has no subject matter jurisdiction to entertain the state action. And it is probably correct.

But the motion for preliminary relief arises in this case, in which this court has both subject matter and personal jurisdiction over the claims and the parties. It is clear, beyond any dispute, that the FERC certificate trumps the county ordinance, Schneidewind v. ANR Pipeland Co., 485 U.S. 293 (1988); National Fuel Gas Supply Corp. v. Public Service Commission of New York, 894 F.2d 571 (2d Cir. 1990), and Will County does not try to argue

otherwise. We hereby preliminarily enjoin Will County and its agents, officers and employees from seeking to impose pipeline installation and construction requirements that conflict with the requirements of the FERC certificate, or to delay or impede the installation and construction. What Will County wishes to do is contrary to the prior order of this court authorizing plaintiff to proceed pursuant to the FERC certificate and thus is subject to restraint pursuant to the All Writs Act, 28 U.S.C. §1651. Further, the customary standards for granting preliminary relief are all favorable to plaintiff. It will prevail on the merits and Will County will not; plaintiff is on a tight schedule with construction supposedly already commenced in Will County; changing construction requirements would obviously impose additional burdens, expenses and delays; and the public interest is served by requiring parties to adhere to controlling law.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 21, 2002.