

Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 9/20/2002 |
| **CASE TITLE** | | Guardian Pipeline LLC vs. 950.80 Acres of Land etc et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. William Schumacher and Stan Lee Schumacher's motion to bar is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 23 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 312 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., a Delaware )
Limited Liability Company, )
)
        Plaintiff, )
)
vs. ) No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, in )
Kendall and McHenry Counties, Illinois; )
RANDOLPH J. REIGH, et al., and UNKNOWN )
OTHERS, )
)
        Defendants. )

DOCKETED
SEP 2 3 2002

## MEMORANDUM OPINION AND ORDER

On June 4, 2002, this court issued an order which, in relevant part, recited that appraisals should be exchanged within 60 days. Prior to that date counsel for the owners of Tracts No. ILDE 59.00, 127.00, 128.00, 158.00, 159.00 and 160.00 asked plaintiff to advise of any special negative circumstances well in advance of the August 4, 2002 disclosure date, advised that he might retain a land planner, and that an appraiser/land planner would testify to a reasonable probability of rezoning, leading to subdivision. Plaintiff responded by stating, in effect, that it knew of no special circumstances, although it would have to evaluate any specific development plan that was presented. Counsel for the owners rejoined by referring to development plans for parcels DE 127.00 and 128.00 of which, he said, plaintiff had long been aware.

There the matter rested until August 5, 2002, when these defendants sent appraisal reports to plaintiff. On August 25, 2002, counsel for plaintiff wrote counsel for these defendants acknowledging receipt of the material, stating that he had expected to arrange an

exchange date, advising that he had instructed his appraisers to package the reports for these tracts on a priority basis, and, in the meantime, "I will let these [these defendants' reports] sit on my desk." Plaintiff's reports were, apparently, turned over about the end of August.

These defendants now move to bar plaintiff from presenting any testimony regarding all those parcels because of its violation of the June 4, 2002, Order, and prejudice to these owners by the prior disclosure of their reports. That motion is denied.

Given the clear indication by these defendants that they expected to provide their reports by the date directed by the court, plaintiff should have, at the least, advised them that it would be somewhat delayed. At the same time we recognize that there will inevitably be glitches in a sprawling litigation involving over one hundred parcels. We also understand that plaintiff's appraisers did not have access to defendants' reports prior to their preparing their appraisals. We do not believe there was either bad faith or prejudice. We add, for guidance to the parties and commissioners, that we did not intend to dictate when or when not a party can amend a report or come up with a rebuttal appraisal. Our interest is in minimizing costs for all concerned. If there was full disclosure of plans and concerns well prior to the appraisal reports, as we have hoped there would be, ordinarily the differences between them can, without more, be sufficiently explored in subsequent depositions. If there were unexpected positions taken, however, we did not mean to foreclose reaction to those positions by whatever means are reasonable and appropriate.

		James B. Moran
		JAMES B. MORAN
		Senior Judge, U. S. District Court

Sept. 20 , 2002.