Minute Order Form (06/97)

## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 7/18/2003 |
| **CASE TITLE** | Guardian Pipeline, LLC vs. 950.80 Acres of Land et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Guardian now moves to preclude the presentment of certain claims to the commission. For the following reasons, Guardian's motion is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | JUL 21 2003 | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 384 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., a Delaware )
Limited Liability Company, )
)
        Plaintiff, )
)
vs. ) No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, in )
Kendall and McHenry Counties, Illinois; )
RANDOLPH J. REIGH, et al., and UNKNOWN )
OTHERS, and WILL COUNTY ILLINOIS, a )
Body Politic and Corporate, )
)
        Defendants. )

DOCKETED
JUL 2 1 2003

## MEMORANDUM OPINION AND ORDER

The parties are currently preparing for a hearing before the Rule 71A Commission appointed in this case (the commission). Guardian now moves to preclude the presentment of certain claims to the commission. For the following reasons, Guardian's motion is granted.

A subsection of defendants represented by Righeimer Martin & Cinquino (defendants) have hired an expert to estimate the amount of crop damage defendants will sustain over a five-year period as a result of Guardian's activity. They plan to present this expert's testimony as partial evidence of their condemned interests. Guardian requests preclusion of this evidence, arguing that it is outside the scope of the commission's inquiry and is unnecessary in light of the crop compensation program already in place.

The commission has been appointed to determine the amount of just compensation that Guardian should pay for the interests it has condemned. Guardian Pipeline, L.L.C. v. 950.80 Acres of Land, et al, 2002 WL 105833. Just compensation is "the fair cash market value of the interests condemned at the highest and best use of the property on the date of valuation." *Id.* at *1. We agree with defendants that any crop damage reimbursement falls within the scope

of just compensation. *See e.g.* United States v. 729.773 Acres of Land, 531 F.Supp.967, 974 (Dist. of HI 1982). The issue, then, is not whether defendants should be reimbursed for damage but rather what is the most effective way of compensating the defendant farmers.

The alternative to determining damage prospectively is to have defendants use an administrative process through which they would submit reimbursement claims to Guardian of actual crop damage. Guardian created this process to fulfill obligations under the Illinois Agricultural Impact Mitigation Plan – a plan adopted by the Federal Energy Regulatory Commission (FERC) as part of Guardian's pipeline license. This solution, while not the most efficient way of compensating defendants in the short term, will ultimately provide the most exact and, accordingly, most just compensation for any damage sustained.

We recognize defendants' misgivings about using a process in which Guardian appears to have the final say in determining the value of any damaged crops. To that end we leave available the possibility of reconvening the commission if there is a future dispute over fair compensation.[1] The parties appear to agree that a period of five years of compensation is reasonable, as reflected in defendants' expert's report and in Guardian's description of its compensation program.

For the above reasons, Guardian's motion to preclude crop damage claims before the Rule 71A commission is granted for now.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 18, 2003.

---

[1] We do not expect there to be significant disagreements in light of the origin of Guardian's compensation plan as well as the manner in which it has already been administered in settling other claims.