
Minute Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4696 | **DATE** | 5/3/2004 |
| **CASE TITLE** | GUARDIAN PIPELINE, L.L.C. vs. 950.80 ACRES OF LAND, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. On July 18, 2003, we ordered that, in the first instance, crop damage claims "of actual crop damage" be submitted on an annual basis to plaintiff, pursuant to plaintiff's obligations under the Illinois Agricultural Impact Mitigation Plan. We left open the possibility of reconvening the Commission if there was a future dispute over fair compensation. Certain defendants now contend that there is a dispute and ask that the Commission be reconvened to resolve it.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 4 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 426 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 2004 MAY -3 PM 4:32 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., a Delaware )
Limited Liability Company, )
)
Plaintiff, )
)
vs. ) No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, in )
Kendall and McHenry Counties, Illinois; )
RANDOLPH J. REIGH, et al., and UNKNOWN )
OTHERS, and WILL COUNTY ILLINOIS, a )
Body Politic and Corporate, )
)
Defendants. )

DOCKETED
MAY 0 4 2004

## MEMORANDUM OPINION AND ORDER

On July 18, 2003, we ordered that, in the first instance, crop damage claims "of actual crop damage" be submitted on an annual basis to plaintiff, pursuant to plaintiff's obligations under the Illinois Agricultural Impact Mitigation Plan. We left open the possibility of reconvening the Commission if there was a future dispute over fair compensation.

Certain defendants now contend that there is a dispute and ask that the Commission be reconvened to resolve it. Plaintiff responds by representing that those defendants have not submitted any actual data "concerning crop type(s), yields, acreage planted, and sales dates and prices." Rather, they relied on hypothetical projected estimates prepared by a consultant. Accordingly, plaintiff came up with its own calculations and issued checks for those amounts, some cashed and some not, but, in any event, for amounts these defendants believe inadequate.

So, who is right? Either these defendants have the supplied data of actual crop damage, as required by the July 18, 2003 order, or they have not. We ask the Commission to determine

whether or not these defendants have complied with that order and whether plaintiff has reasonably responded to the submissions – a limited inquiry. If they have not, and plaintiff has reasonably responded, these defendants shall pay the expenses of the inquiry. If they have, and plaintiff has not reasonably responded, we ask the Commission to recommend how most expeditiously to resolve these crop damages claims – and plaintiff shall pay the expenses of the inquiry.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 3, 2004.