IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., a Delaware )
Limited Liability Company, )
)
Plaintiff, )
)
vs. ) No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, in )
Kendall and McHenry Counties, Illinois; )
RANDOLPH J. REIGH, et al., and UNKNOWN )
OTHERS, and WILL COUNTY ILLINOIS, a )
Body Politic and Corporate, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Guardian Pipeline sought condemnation of numerous parcels of land for permanent and temporary easements for the construction of a pipeline in northeastern Illinois. The court granted an injunction for Guardian to take immediate possession, subject to posting a bond for payment of just compensation to the various property owners. A Commission was appointed for this purpose, which conducted hearings on the matter and filed its report on July 6, 2006. Prior to the filing of the report, the Commission required the parties to prepare proposed findings of fact and conclusions of law. Several defendant property owners – all represented by Attorney Paul Krentz (collectively known as the "Krentz defendants") – have now filed a motion against Guardian for costs, under Fed.R.Civ.P. 54(d), for the purchase of transcripts they say were necessary to prepare the proposed findings of fact and conclusions of law. That motion is denied.

As Guardian correctly points out, Rule 54(d) provides that costs allowed prevailing

parties is not applicable to Rule 71A, governing condemnation actions. *See* Rule 71A(l)(2007)("Costs are not subject to Rule 54(d)"). Additionally, while the Equal Access to Justice Act, (Pub. L. 96-481, 94 Stat. 2325, codified in part at 28 U.S.C. § 2414(d)), does provide that costs be awarded to prevailing parties against the U.S. government in certain condemnation cases, we are unsure that the Krentz defendants are the prevailing parties here given the results of the Commission's report, or that Guardian, as a private condemnor acting through the Federal Energy Regulatory Commission, is subject to the Act.

Regardless, Guardian argues that the purchase of transcripts by the Krentz defendants was duplicative and unnecessary since Guardian had previously purchased all transcripts, which they claim were made available to the Krentz defendants. The purchase of other transcripts, then, was merely for the convenience of the defendants, and that cost should not be borne by Guardian.

## CONCLUSION

Based on the foregoing, the motion of the Krentz defendants for costs is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 28, 2007.