IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUARDIAN PIPELINE, L.L.C., a Delaware )
Limited Liability Company, )
)
               Plaintiff, )
)
            vs. )     No. 01 C 4696
)
950.80 ACRES OF LAND, more or less, in )
Kendall and McHenry Counties, Illinois; )
RANDOLPH J. REIGH, et al., and UNKNOWN )
OTHERS, and WILL COUNTY ILLINOIS, a )
Body Politic and Corporate, )
)
            Defendants. )

## MEMORANDUM OPINION AND ORDER

On April 24, 2002, the court proposed the appointment of a commission to determine just compensation awards for defendant property owners relating to granting the condemnation complaint of Guardian Pipeline, Inc. ("Guardian"), per a certificate from the Federal Energy Regulatory Commission, for easements through defendants' land. We appointed the commission on May 23, 2002. There were over 150 tracts involved and the hearings spanned over two years. The commission filed its report on July 6, 2006. Guardian has now moved to allocate the costs of the commission among the parties *pro rata*. That motion is denied.

We note that it was Guardian who advocated for the appointment of a commission, not defendants. When this court appointed the commission, we did so over the vigorous objections of numerous defendants, who demanded jury trials. In this court's April 24, 2002, order, we specifically stated that the costs of the commission were to be borne by Guardian, "except that

a portion may be payable by a defendant if [Guardian] establishes that the defendant has unreasonably caused the commissioners to expend unnecessary time." Guardian's motion to allocate costs does not allege that any of the defendants caused unreasonable delay, nor do we find that any defendant did so.

Guardian argues that it is not basing its motion on that provision in our April 24, 2002 order, but is arguing for allocation of costs under Fed. R. Civ. Pro. 53(h)(3). Guardian argues that this rule permits allocation of the commission's cost in this case because defendants' claims of just compensation were not made in good faith, as demonstrated by the commission's just compensation determinations. However, Rule 53(h), and its Advisory Committee notes, specifically state that the court "shall state the basis and terms for fixing compensation in the order of appointment," which this court did. The Advisory Committee notes further state that while the court may alter this determination after giving notice and opportunity to be heard, it should protect the parties against unfair surprise. We feel that to reallocate the costs at this point would be unfair surprise.

Furthermore, requiring Guardian to bear the costs of the commission comports with the allocation considerations in Rule 53(h)(3). Guardian is a large corporation with more than sufficient means, and the party that argued for the appointment of the commission. The defendants are generally individual farmers, with lesser means, who argued against the appointment of the commission. The results of the commission's report also support our determination. Guardian was ordered to pay an amount of just compensation that was far less than the bond it posted to this court, and far less than what defendants argued was the fair market value of the easements taken. Thus, Guardian is in the best position to bear the costs of the commission.

Finally, Rule 71A(l) states that costs under this provision are not subject to Rule 54(d), which permits costs to the prevailing party in civil cases.[1] The Advisory Committee notes state that generally the condemnor will be the prevailing party and that since he should not recover his costs against the property owner, Rule 54(d) is inapplicable. This follows prior law, which states that "costs of condemnation proceedings are not assessable against the condemnee, unless by stipulation he agrees to assume some or all of them." *Id.* Commissioners' fees were given as one example of such costs. Therefore, we find that Rule 71A further supports our decision that Guardian bear the fees of the commission.

## CONCLUSION

For the foregoing reasons, Guardian's motion is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 29, 2007.

---

[1] While neither party specifically states Rule 54(d), both sides put forth evidence to show that they were the prevailing party in this action, apparently to argue that the cost of the commissioners should be borne by the other party. Our determination does not reach these "prevailing party" arguments, as they appear to relate to the Equal Access to Justice Act (28 U.S.C. §2812(d)), which pertains specifically to the United States government as condemnor, and has not been applied where the condemnor is a private company, even one working with the permission of the Federal Energy Regulatory Commission. *See* Pub. L. 96-481, §202(a), 94 Stat. 2325 (recognizing that certain individuals or organizations may be deterred from seeking review or defending against unreasonable government action because of the expense involved).