# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GUARDIAN PIPELINE, L.L.C., a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 01 C 4696 |
| 950.80 ACRES OF LAND, more or less, in Kendall and McHenry Counties, Illinois; RANDOLPH J. REIGH, et al., and UNKNOWN OTHERS, and WILL COUNTY ILLINOIS, a Body Politic and Corporate, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Morrissey, a property owner in a multi-tract condemnation action, filed this motion for declaration of rights against plaintiff Guardian Pipeline, Inc. ("Guardian"), the condemnor, to determine the parties' rights relative to the easement. The motion, which comes after a just compensation determination by a commission appointed by this court, also alleges that, based on defendant's assumed broad interpretation of Guardian's rights, the commission erred in not considering the scope of these rights in its determination of just compensation. For the following reasons, defendant's motion is denied.

On June 21, 2001, plaintiff filed a complaint pursuant to a certificate from the Federal Energy Regulatory Commission, against the owners of numerous properties in northeast Illinois, for condemnation of easements to construct a natural gas pipeline. Guardian amended its complaint six times, the last on February 5, 2003, almost a year after Guardian was granted condemnation and immediate possession of the land. The sixth amended complaint deleted

exhibit C of the original complaint – the terms of the easement grants between the defendant property owners and Guardian. In its place, Guardian purported to restate the terms of the easement grants in the sixth amended complaint itself, alleging confusion on the part of the defendant owners as to their continued rights to use of the land. Almost all of the defendants balked at Guardian's action, arguing that Guardian was attempting to expand its rights in the easement after possession was granted. This court found otherwise, and held that, as Guardian stated in its response to defendants' motions to dismiss the sixth amended complaint, the terms of the easement had not changed and the language of the easement document was still in effect. Guardian Pipeline, L.L.C. v. 950.80 Acres of Land, 2003 U.S. Dist. LEXIS 6264 (N.D. Ill. Apr. 10, 2003).

We then appointed a commission to determine just compensation for the defendants whose properties were taken by Guardian. During one phase of the hearings, defendant Morrissey pursued a line of questioning with his appraiser, Charles Southcomb, regarding the scope of Guardian's rights in the easement area (tr. 11246-11253). Southcomb testified that he believed Guardian had the right to come back after construction of the pipeline in the easement area and relocate it, add appurtenances, or even add another pipeline within the easement area. He based his testimony on the language of the easement, and a verified complaint and judgment entered in favor of Guardian in a separate action regarding an easement purchased outright by Guardian and not part of the instant condemnation suit. *See* Guardian Pipeline v. Tordai, No. 03 C 3641 (N.D. Ill. filed April 17, 2003).

The commission rejected Southcomb's testimony as an irrelevant attempt to bolster the witness' opinion (tr. 11253-11255). Defendant brought the issue up again, this time on cross-examination of appraiser Joseph Batis, and asked him if his appraisal opinion would change

if Guardian's rights in the easement permitted it to return later and add appurtances or another pipeline in the easement area. The commission again rejected this line of questioning, sustaining plaintiff's objection as to speculation. In its report, the commission stated that Southcomb "overstated the extent of Guardian's interest in the defendants' tracts and did not seem to understand the terms of the easement " (comm.rpt. p.238).

Defendant now moves this court for a declaration of plaintiff's and defendants' rights regarding the use of the easement. He argues that the language of the easement clearly provides that Guardian can come back at any time and relocate the pipeline, add appurtenances or add an additional pipeline in the easement area. He argues that it was error for the commission not to consider the meaning of the terms "relocate" and "appurtenances" in the easement grants when determining just compensation, as Guardian's ability to add to the existing pipeline affects the just compensation that must be paid to the defendants. He argues that it is clear from the language of the easement grant, the verified complaint and judgment in the Tordai case, and the court's holding in <u>Bernier v. Columbia Gas Transmission Corp.</u>, 2005 WL 2621989 (W.D. Va. Oct. 12, 2005), that Guardian does possess such rights and will be able to act on those rights without sufficient just compensation to the property owners. Defendant asks the court to determine the parties' rights and, if we determine that Guardian's rights are broad, he asks us to find that the commission erred in not considering this in its compensation determination. However, we do not find Guardian's rights to be so broad.

The <u>Tordai</u> case that defendant cites was a situation wholly different from the case before us. There, Guardian had purchased an easement outright from Mr. Tordai for the purposes of laying a pipeline. Then the configuration of the pipeline changed and Guardian no longer needed to lay the pipe in this easement area. Instead, Guardian went back and

no longer needed to lay the pipe in this easement area. Instead, Guardian went back and purchased another small easement from Mr. Tordai, where the newly configured pipeline would be placed. Later, Guardian decided it needed to lay a small connector pipe in the original unused easement. Mr. Tordai refused, stating that laying such a pipe was not within the scope of Guardian's easement. Guardian filed a complaint for declaratory judgment regarding its rights to lay this pipe. Mr. Tordai never answered the complaint and default judgment was entered against him (case no. 03 C 2614, doc. 7).

Unlike in the Tordai case, the easement here is one granted through a condemnation order by this court, not a private agreement between the parties.[1] Thus, the scope of the easement grant is that which is set forth by this court's January 3, 2002, order. Guardian sought condemnation to place one 36" pipe within the easement area, along with pre-determined valve sites condemned in fee simple and recognized in the just compensation hearings (i.e. condemning a valve site in fee simple on the MacKenzie-Taylor property ILKE 130.00V, comm.rpt. 93). Guardian claims it has made no attempt to install anything beyond what has already been installed, and recognizes that it would be required to get re-certification from the FERC and another order of condemnation from this court in order to do so (tr. 11791-11793). As we read the transcript, the commission recognized that for Guardian to add additional above-ground valves or additional pipelines underground, it would need to re-condemn the area and provide additional compensation. We agree that this is the correct interpretation of Guardian's rights, and thus the commission did not err when it did not consider the possibility of such additions in its just compensation determination.

---

[1] The Berier case that defendant cites also relates to an easement granted to a pipeline company through a private contract between the parties. Thus, for the reasons cited relating to the Tordai case, the Berier case is also inapposite here.

## CONCLUSION

For the foregoing reasons, defendant's motion for declaration of rights is denied.

James B. Moran

**JAMES B. MORAN**
**Senior Judge, U. S. District Court**

March 30 , 2007.